IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JIMENEZ BLAKE WILKERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF ALBANY, GEORGIA, and )<br>CRYSTAL PUGH, in her Individual )<br>Capacity. )<br>)<br>Defendants. )<br>_____ ) | CIVIL ACTION<br>FILE NO.: |

## **INTRODUCTORY STATMENT**

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment of the Constitution of the United States and under the applicable portions of the Georgia Constitution.

2.

This is an action seeking damages brought by a citizen of the United States against Defendants for acts committed under color of law depriving Plaintiff of rights secured by the United States Constitution and the laws of the United States. Defendants deprived Plaintiff of his liberty and freedom, made an unreasonable

arrest of Plaintiff, and failed to train or supervise the individually named Defendant in violation of the Fourth Amendment to the United States Constitution.

## JURISDICTION

3.

Jurisdiction of this Court is grounded in 28 U.S.C § 1331 and 28 U.S.C. § 1343a(3) and (4), which gives this Court original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States, and over actions to secure civil rights extended by the United States government.  Plaintiff also invokes pendant or supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. § 1367.  Pursuant to O.C.G.A. § 33-36-5, notice of Plaintiff's claim was timely given to the City of Albany, Georgia  by a certified letter, a copy of which is attached hereto as Exhibit "A".

4.

Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the Defendants reside in or are established and organized within the Middle District of Georgia, and a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred within the Middle District of Georgia.

## **PARTIES**

5.

Plaintiff Wilkerson Jimenez resides in Albany, Dougherty County, Georgia and is subject to the jurisdiction and venue of this Court.

6.

Defendant City of Albany, Georgia ("Albany") is a municipality organized and existing by virtue of the laws of the State of Georgia and is a corporate body subject to suit. Defendant is subject to the jurisdiction of this Court, and venue is proper in this Court.

7.

Defendant Pugh is a resident of the Middle District of Georgia, and was, at all times mentioned herein, a police officer with the City of Albany Police Department. She is named in her individual capacity. She may be served at her home address or place of employment.

8.

At all times, relevant here in, Defendants Pugh acted under color of state law in the course and scope of her duties and functions as an agent, servant, employee, and officer of the City of Albany, Georgia or otherwise performed and engaged in conduct incidental to the performance of her lawful functions on behalf of the City of Albany, Georgia.

## **STATEMENT OF FACTS**

9.

On February 26, 2023, the Albany Police Department participated in an annual traffic operation – Rolling Thunder, stopping drivers at a DUI Checkpoint at 100 block of W Oglethorpe Boulevard and S. Washington Street within the City of Albany, Georgia.

10.

At approximately 2:00a.m., Plaintiff was allegedly observed operating his vehicle while actively using his cellular device.

11.

Plaintiff was directed to pull over into the checkpoint lane so that an officer could make contact with him in reference to his violation.

12.

An unidentified officer made contact with Plaintiff and took his driver's license.

13.

Neither Deputy James Moss with the Dougherty County Sherriff's Department nor any other officer at the checkpoint presented Plaintiff with a citation or requested his signature for a citation.

14.

Plaintiff, while waiting for the unidentified officer to return to his vehicle, observed an intoxicated man at the checkpoint.

15.

Upon his observation, Plaintiff began laughing and suggested to a broad group of Officers that they let Plaintiff go with a warning because there were others on the roadway who were intoxicated while he was not intoxicated.

16.

City of Albany Police Officer Pugh engaged with Plaintiff informing him that he should feel lucky he would only be receiving a citation as she had the authority to arrest him.

17.

Plaintiff responded by threatening to sue for false arrest.

18.

Officer Pugh arrested Plaintiff on the pretext that he failed to sign a citation prepared by Dougherty sheriff deputy Moss.

19.

Officer Pugh subsequently issued Plaintiff a citation using the Albany Police Department's traffic citation form for violation of the Georgia Hands Free Law, O.C.G.A. § 40-6-241(c).

20.

Plaintiff was handcuffed, taken into custody and transported to the Dougherty County Jail where he was booked and made to post a bond.

21.

Plaintiff's vehicle was towed by a private company to its wrecker yard and later released to him only after he paid a fee.

22.

On April 12, 2023, the Albany Municipal Court Nol Pros the citation issued by Officer Pugh.

23.

As a result of the Defendants' actions and/or omissions, Mr. Wilkerson was unlawfully arrested, handcuffed, transported in a police vehicle and booked into the county jail.

24.

This event caused Mr. Wilkerson considerable embarrassment, humiliation, lost time from his family and obligations and loss of employment.

## COUNT I

## VIOLATION OF THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF GEORGIA AS AGAINST DEFENDANT CITY OF ALBANY, GEORGIA

25.

The allegations set for in Paragraphs 1 through 24 are restated and incorporated herein by reference.

26.

The actions set forth herein were in violation of the Fourth Amendment to the United States Constitution and entitle Plaintiff to relief under 42 U.S.C. § 1983 and 1988 against said Defendants.

27.

The actions and omissions described herein were committed under color of state law depriving Plaintiff of his rights secured to him by the United States Constitution and the laws of the United States, but not limited to her Fourth Amendment rights and the Constitution of the State of Georgia.

28.

Defendant Pugh's seizure and arrest of Plaintiff was unlawful inasmuch as no reasonable officer would have found that Plaintiff had violated any laws.

29.

Defendant Pugh had no reasonable suspicion that Plaintiff was involved in criminal activity and Plaintiff was not presented with a citation for his signature.

30.

Defendant Pugh's actions were in violation of clearly established statutory and constitutional rights of which a reasonable officer should have known.

31.

The City of Albany and the City of Albany Police Department were the final decision makers for any policy, practice, custom or procedure which was a factor for the constitutional violation inflicted upon Plaintiff.

32.

The City of Albany Police Department was aware of the need to train or supervise its employees in the area of making lawful arrests.

33.

City of Albany, Georgia made a deliberate choice not to take any action on its knowledge of the need to train or supervise its police officers.

34.

City of Albany's failure to train amounted to a deliberate indifference to Plaintiff's rights as guaranteed under the Fourth Amendment to the United States Constitution and the Constitution of Georgia.

35.

Said failures of City of Albany, Georgia was the moving force for the unlawful arrest and constitutional violation inflicted on Plaintiff.

36.

As a direct and proximate result of the above-described illegal actions of Defendants, Plaintiff endured considerable mental suffering, embarrassment, humiliation, lost time from his obligations and compromised his employment.

## **PENDANT CAUSE OF ACTION UNDER STATE LAW**

## **COUNT II -FALSE ARREST**

37.

The allegations set for in Paragraphs 1 through 36 are restated and incorporated herein by reference.

38.

Defendant Pugh falsely arrested Plaintiff, which wrongful imprisonment and arrest deprived Plaintiff of his personal liberty.

39.

Defendant Pugh acted with malice and or intent to cause Plaintiff harm when she falsely imprisoned and falsely arrested him.

40.

Defendant City of Albany, Georgia is liable to Plaintiff for the false arrest committed against Plaintiff by Defendant Pugh.

41.

As a direct and proximate result of the above-described illegal actions of Defendants, Plaintiff endured considerable mental suffering, embarrassment, humiliation, lost time from his obligations, and compromised his employment.

42.

The aforementioned acts of the individual Defendants constitute false arrest in violation of Title 51 of the Official Code of Georgia Annotated.

43.

Because Defendant Pugh acted willfully and with intent to injure Plaintiff, Defendant is not entitled to official immunity under Georgia law

44.

As a result of the foregoing, Plaintiff was deprived of his liberty, sustained extreme mental suffering and distress, was subject to great humiliation and anxiety, and was otherwise damaged and injured.

## COUNT III- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45.

The allegations set for in Paragraphs 1 through 44 are restated and incorporated herein by reference.

46.

The aforementioned acts of the Defendant Pugh constitute intentional infliction of emotional distress in violation of Title 5l of the Official Code of Georgia Annotated.

47.

Because Defendant Pugh acted willfully and with intent to injure Plaintiff, she is not entitled to official immunity under Georgia law.

48.

As a result of the foregoing, Plaintiff sustained extreme mental suffering and distress, was subject to great humiliation and anxiety and was otherwise damaged and injured.

## COUNT IV - PUNITIVE DAMAGES

49.

The allegations set forth in Paragraphs 1 through 48 above are restated and incorporated herein by reference.

50.

As a direct and proximate result of the above-described conduct of Defendant, Plaintiff was deprived of his constitutional rights, subjected to physical and mental pain and suffering, forced to incur unnecessary expenses for which the Defendants are liable to the Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

51.

The aforementioned misconduct of Defendant amounted to bad faith, malice, willfulness and reckless disregard for the consequences of its actions As such, punitive damages should be imposed to the extent permitted by federal and/or state law to punish and prohibit similar conduct in the future.

52.

Plaintiffs is also entitled to recover reasonable attorney's fees and expenses of litigation pursuant to 28 U.S.C. § 1988.

53.

WHEREFORE, Plaintiff requests the following relief against Defendants:

(a) Special damages in an amount to be proven at trial;

(b) General damages in an amount to be decided by the enlightened conscience of the jury;

(c) Punitive damages in the amount to be decided by the enlightened conscience of the jury;

(d) Reasonable attorney's fees and expenses pursuant to 42 U.S.C. § 1988; and

(e) Such other and further relief as this Court may deem appropriate under the circumstance.

## DEMAND FOR JURY TRIAL

54.

The allegations set forth in Paragraphs 1 through 46 above are restated and incorporated herein by reference.

55.

Plaintiff hereby demands a trial by Jury.

Respectfully submitted, this the 17th of October, 2024.

/s/ Althea S. Prince
Althea S. Prince
Georgia Bar No.: 588218
Attorney for Plaintiff

**THE PRINCE FIRM, LLC**
P.O. Box 2536
Decatur, GA 30031
Telephone: (678) 705-5409
Facsimile: (678) 666-4484

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JIMENEZ BLAKE WILKERSON, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION<br>) FILE NO.: |
| CITY OF ALBANY, GEORGIA, and<br>CRYSTAL PUGH, in her Individual<br>Capacity. | ) |
| Defendants. | ) |

**VERIFICATION**

Personally appeared before the undersigned attesting officer, duly qualified to administer oaths, Jimenez Blake Wilkerson, who, after being duly sworn, deposes, and states on oath that the information supplied in his Complaint for Damages and Jury Demand is true and correct to the best of her knowledge and ability.

This 17th day of October, 2024.

_____
Jimenez Blake Wilkerson

Subscribed and sworn before me on:
17th October of 2024.

_____
Notary Public

Althea Prince Marcus
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
My Commission Expires 01/29/2028

1